02.28.24

MA/JG: USAO 2023R00797

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUIS ESTEBAN BORUNDA,<br><br>Defendant. | CRIMINAL NO. MJM-24-064<br><br>(Sexual Exploitation of a Child, 18 U.S.C. § 2251(a); Coercion and Enticement of a Minor, 18 U.S.C. § 2422(b); Distribution of Child Pornography, 18 U.S.C. § 2252A(a)(2); Possession of Child Pornography, 18 U.S.C. § 2252(a)(4)(B) & (b)(2); Forfeiture, 18 U.S.C. § 2253, 21 U.S.C. § 853, 28 U.S.C. § 2461) |

## INDICTMENT

### COUNT ONE
(Sexual Exploitation of a Child)

The Grand Jury for the District of Maryland charges that:

On or about August 13, 2023, in the District of Maryland, the defendant,

**LUIS ESTEBAN BORUNDA,**

did knowingly employ, use, persuade, induce, entice and coerce a minor female to engage in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(2), for the purpose of producing visual depictions of such conduct, knowing and having reason to know that such a visual depiction would be transported in or affecting interstate and foreign commerce, such visual depiction was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and such visual depictions have actually been transported and transmitted using any means and facility of interstate and foreign commerce, that is, a video file which depicts **BORUNDA's** finger penetrating Jane Doe's genitals and **BORUNDA's** mouth touching Jane Doe's genitals, video file having been produced with and stored on a BLU cell phone, Model S91 PRO, IMEI1 351996560096178, IMEI2 351996560218178, a product of China.

18 U.S.C. § 2251(a)
18 U.S.C. § 2

Case 1:24-cr-00064-MJM   Document 1   Filed 02/28/24   Page 2 of 9

## COUNT TWO
(Coercion and Enticement of a Minor)

The Grand Jury for the District of Maryland further charges that:

From on or about August 22, 2023 through on or about August 30, 2023, in the District of Maryland, the defendant,

**LUIS ESTEBAN BORUNDA,**

did use a facility and means of interstate and foreign commerce to knowingly attempt to persuade, induce, entice, and coerce an individual (PERSON A) who he believed had not attained the age of eighteen (18) years, to engage in sexual activity for which any person can be charged with a criminal offense.

18 U.S.C. § 2422(b)

## COUNT THREE
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about July 18, 2023, in the District of Maryland, the defendant,

### LUIS ESTEBAN BORUNDA,

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depiction being of such conduct, that is, the defendant distributed a video titled "VID-20150726-WA0068", depicting an adult male's penis penetrating the mouth of a prepubescent female.

18 U.S.C. §§ 2252(a)(2) & 2256

## COUNT FOUR
(Distribution of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about July 18, 2023, in the District of Maryland, the defendant,

## LUIS ESTEBAN BORUNDA,

did knowingly distribute any visual depiction using any means and facility of interstate and foreign commerce, and that had been mailed, shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so mailed, shipped and transported, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and such depiction being of such conduct, that is, the defendant distributed a video titled "www.tikotok18.tv_9004656924417591808", depicting an adult female touching the genitals of two minor females.

18 U.S.C. §§ 2252(a)(2) & 2256

## COUNT FIVE
(Possession of Child Pornography)

The Grand Jury for the District of Maryland further charges that:

On or about August 30, 2023, in the District of Maryland, the defendant,

**LUIS ESTEBAN BORUNDA,**

did knowingly possess one or more matter which contained one or more visual depictions that had been mailed, shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and was produced using materials which had been mailed and shipped and transported using any means and facility of interstate and foreign commerce, including by computer, the production of such visual depiction involved the use of a prepubescent minor engaging in sexually explicit conduct, and such visual depiction was of such conduct, that is, visual depictions contained on a BLU products cell phone, Model S91 PRO, IMEI1 351996560096178, IMEI2 351996560218178; a PNY 16GB USB flash drive; an HP Notebook Computer, serial number CND12545G3; an HP Notebook Computer, serial number CND6126F8W; a Tknika USB flash drive; and an NXT USB flash drive.

18 U.S.C. § 2252(a)(4)(B)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 2253 and 2428, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of a defendant's conviction under any of the offenses alleged in Counts One through Four of this Indictment.

### Child Pornography Forfeiture

2. Upon conviction of any of the offenses set forth in Counts One, Three, or Four of this Indictment, the defendant,

**LUIS ESTEBAN BORUNDA**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

a. any visual depiction described in Title 18, United States Code, Sections, 2251, 2251A, 2252, or 2252A, 2252B, or 2260 or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110;

b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

### Coercion and Enticement Forfeiture

3. Upon conviction of any of the offenses set forth in Count Two of this Indictment, the defendant,

**LUIS ESTEBAN BORUNDA,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 2428:

7

      a.      Any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses; and

      b.      Any property, real or personal, constituting or derived from any proceeds that the defendant obtained, directly or indirectly, as a result of such offenses.

### Property Subject to Forfeiture

4.      The property to be forfeited includes, but is not limited to, the following:

     a.    A BLU products cell phone, Model S91 PRO, IMEI1 351996560096178, IMEI2 351996560218178;
     b.    One PNY 16GB USB flash drive;
     c.    HP Notebook Computer with serial number CND12545G3;
     d.    HP Notebook Computer with serial number CND6126F8W;
     e.    One Tknika USB flash drive; and
     f.    One NXT USB flash drive.

### Substitute Assets

5.      If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

     a.    cannot be located upon the exercise of due diligence;

     b.    has been transferred or sold to, or deposited with, a third party;

     c.    has been placed beyond the jurisdiction of the court;

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 2253
18 U.S.C. § 2428

21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron* -JG
_____
Erek L. Barron
United States Attorney

A TRUE BILL

**SIGNATURE REDACTED**
_____   2·28·24
Foreperson